1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       No. 2:05-cv-0418-MCE-KJM

12          Plaintiff,              Related Cases:
                                    No. 2:04-cr-0388-MCE
13      v.                          No. 2:05-cv-0371-MCE-GGH
                                    No. 2:05-cv-0372-MCE-PAN
14  2002 CADILLAC ESCALADE, VIN:
    1GYEK63N52R122808,
15  CALIFORNIA LICENSE 4UHN183,     FINAL PRETRIAL ORDER

16          Defendant.              TRIAL DATE: August 23, 2006
    _____/   TIME: 9:00 a.m.
17
    VICTORIA VELAZQUEZ,
18
            Claimant.
19  _____/

20      After reviewing the parties' Final Pretrial Statement, the

21  Court makes the following orders:

22      I.   JURISDICTION/VENUE

23      Jurisdiction is predicated upon 28 U.S.C. §§ 1345, 1355,

24  and 21 U.S.C. § 881.  Jurisdiction and venue are not contested.

25  ///

26  ///

II.   <u>JURY</u>

Claimant timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

III.   <u>UNDISPUTED FACTUAL ISSUES</u>

The remaining claim(s) for trial is/are:

1.   Michael Ayala was convicted in 1996 of possession of a controlled substance in violation of Section 11377(A) of California's Health and Safety Code.

2.   According to law enforcement officials, on and before August 24, 2004, Ayala was under investigation state and federal law enforcement agencies in connection with drug trafficking.

3.   According to law enforcement officials, on August 24, 2004, Michael Ayala shipped 677.6 grams of methamphetamine via Federal Express to a customer in Minnesota.

4.   According to law enforcement officials, on August 28 and August 30, 2004, law enforcement officers, acting under the authority of a court order, intercepted telephone conversations between Michael Ayala and others in which Ayala negotiated with potential buyers to sell them methamphetamine.

5.   According to law enforcement officials, on September 7, 2004, surveillance officers observed Michael Ayala drive the defendant vehicle from his home in Yuba City, California, to The UPS Store in Yuba City.  When Ayala arrived at The UPS Store, another person got out of the defendant vehicle; carried a box into the store; and made arrangements to ship the box to Hawaii.
///

1       6.   According to law enforcement officials, they seized

2   the box which contained 166.5 grams of methamphetamine.

3       7.   According to law enforcement officials, on September

4   9, 2004, an individual working with law enforcement (hereafter

5   "confidential source") ordered ½ pound of methamphetamine from

6   Pablo Velazquez.  Velazquez is claimant's adult son.

7       8.   According to law enforcement officials, surveillance

8   officers observed Velazquez and Ayala drive the defendant

9   vehicle to a restaurant in Yuba City.  The confidential source

10  called Velazquez while he was at the restaurant and Velazquez

11  informed the confidential source that the methamphetamine would

12  be "ready soon."  After lunch Velazquez drove Ayala in the

13  defendant vehicle to Ayala's residence and they then went their

14  separate ways.  They met again later at Velazquez' home.  A

15  third party arrived by car at Velazquez' home; handed Ayala an

16  object through the car window, and drove off.  The confidential

17  source arrived at Velazquez' home a few minutes later and

18  purchased ½ pound of methamphetamine from Velazquez.

19      9.   As a result of the events described in paragraphs

20  III(A)(2-8), a criminal prosecution is now pending in this court

21  in U.S. v. Ayala, et al.  Pablo Velazquez has entered a "not

22  guilty" plea in that case.

23      10.  Velazquez was convicted in 1997 of possessing

24  marijuana for sale in violation of Section 11359 of the

25  California Health and Safety Code.

26  ///

3

1      11.   Claimant knew of her son's 1997 drug conviction before

2  the incidents that gave rise to this forfeiture action occurred.

3      All issues of fact remaining in dispute are subject to

4  proof at the time of trial.

5      IV.   MOTIONS IN LIMINE

6      In limine motions shall be filed by **August 2, 2006.**

7  Opposition must be filed by **August 9, 2006** and any reply must be

8  filed by **August 16, 2006.**   In limine motions will be heard by

9  the Court on **August 22, 2006** at **2:00 p.m.**

10      V.   TRIAL BRIEFS

11      The parties are free to brief any additional points of law

12  necessary for resolution at trial.   Counsel are directed to

13  Local Rule 16-285 regarding the content of trial briefs.   Trial

14  briefs **shall** be filed by **August 16, 2006.**

15      VI.   WITNESSES

16      Plaintiff anticipates calling the witnesses listed on

17  Attachment "A".

18      Claimant anticipates calling the witnesses listed on

19  Attachment "B".

20      Each party may call a witness designated by the other.

21      A.   No other witnesses will be permitted to testify

22  unless:

23           (1)   The party offering the witness demonstrates that

24  the witness is for the purpose of rebutting evidence which could

25  not be reasonably anticipated at the Pretrial Conference, or

26  ///

4

1          (2)   The witness was discovered after the Pretrial

2    Conference and the proffering party makes the showing required

3    in "B" below.

4          B.    Upon the post-pretrial discovery of witnesses, the

5    attorney shall promptly inform the Court and opposing parties of

6    the existence of the unlisted witnesses so that the Court may

7    consider at trial whether the witnesses shall be permitted to

8    testify.  The evidence will not be permitted unless:

9          (1)   The witnesses could not reasonably have been

10   discovered prior to pretrial;

11         (2)   The Court and opposing counsel were promptly

12   notified upon discovery of the witnesses;

13         (3)   If time permitted, counsel proffered the

14   witnesses for deposition;

15         (4)   If time did not permit, a reasonable summary of

16   the witnesses' testimony was provided opposing counsel.

17         C.    The parties shall provide an original and three (3)

18   copies of their proposed witness list.

19   VII.   EXHIBITS - SCHEDULES AND SUMMARIES

20        At present, Plaintiff contemplates by way of exhibits those

21   listed on Attachment "C".

22        At present, Claimant contemplates by way of exhibits those

23   listed on Attachment "D".

24        Plaintiff's exhibits shall be listed numerically.

25   Claimant's exhibits shall be listed alphabetically.

26   ///

                                   5

The parties shall use the standard exhibit stickers provided by the Court: pink for Plaintiff and blue for Claimant.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Claimant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

A.   No other exhibits will be permitted to be introduced unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or

(2)   The exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B", below.

B.   Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.

1  The exhibits will not be received unless the proffering party

2  demonstrates:

3          (1)   The exhibits could not reasonably have been

4  discovered prior to pretrial;

5          (2)   The Court and counsel were promptly informed of

6  their existence;

7          (3)   Counsel forwarded a copy of the exhibit(s) (if

8  physically possible) to opposing counsel.  If the exhibit(s) may

9  not be copied, the proffering counsel must show that he has made

10 the exhibit(s) reasonably available for inspection by opposing

11 counsel.

12      C.   As to each exhibit, each party is ordered to exchange a

13 copy identical to the Court's copy, or other reproduction of the

14 exhibit(s) in a three-ring binder(s) by **August 9, 2006.**  The

15 attorney or representative for each party is directed to present

16 the original exhibit(s) and two (2) copies for the Court.  The

17 exhibits should be delivered to the clerk's office on the fourth

18 floor of this courthouse, to the attention of Amanda

19 Souvannarath, Deputy Courtroom Clerk, no later than **3:00 p.m.,**

20 **August 16, 2006,** or at such earlier time as may be ordered by the

21 Court.

22      D.   The Court shall be presented with a copy of the

23 exhibit(s) in a 3-ring binder(s) with a side tab identifying each

24 exhibit by number or letter.  Each binder shall be no larger than

25 three inches in width and have an identification label on the

26 front and side panel.

7

If this requirement is not practicable, please contact the courtroom deputy not later than **August 14, 2006** to make other arrangements.

E.   The parties shall also provide a 3-ring binder(s), identical to the Court's copy, for use on the witness stand.

F.   The parties shall provide an original and three (3) copies of an exhibit list (corresponding to the marked exhibits).

VIII.   DISCOVERY DOCUMENTS

A.   <u>Filing Depositions</u>.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.   <u>Use of Depositions</u>.  The parties are ordered to file with the Court and exchange between themselves by **August 16, 2006** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.   <u>Interrogatories</u>.  The parties are ordered to file with the Court and exchange between themselves by **August 16, 2006** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

///

///

1    IX.   FURTHER DISCOVERY OR MOTIONS

2         Pursuant to the Court's Pretrial Scheduling Order, all

3    discovery and law and motion was to have been conducted so as to

4    be completed as of the date of the Final Pretrial Conference.

5    That Order is confirmed.  The parties are free to engage in

6    informal agreements regarding discovery and law and motion

7    matters.  However, any such agreements will not be enforceable in

8    this Court.

9    X.   AGREED STATEMENTS - JOINT STATEMENT OF CASE

10        The parties shall submit a short, jointly-prepared statement

11   concerning the nature of this case that can be read to the jury at

12   the commencement of trial (**NO EXCEPTIONS**).  The joint statement of

13   the case shall include in plain concise language the claims of

14   Plaintiff and claims of other parties, if any, and the

15   corresponding defense to the claims.  The purpose of the joint

16   statement of the case is to inform the jury at the outset, what the

17   case is about.  The statement shall be provided to the Court by

18   **August 16, 2006** before the commencement of trial.

19   XI.   PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

20        A.   Jury Instructions

21        Counsel are directed to meet and confer and to attempt to

22   agree upon a joint set of jury instructions.  Counsel shall use the

23   Ninth Circuit Model Jury Instructions and any revisions.  Alternate

24   instruction or authority may only be used if a Ninth Circuit Model

25   Jury Instruction is unavailable.

26   ///

1  The joint set of instructions shall be lodged with the court clerk
2  by **August 16, 2006** and shall be identified as the "Jury
3  Instructions Without Objection."

4       As to instructions on which there is dispute, the parties
5  shall adhere to the following procedure:

6            1.   The party offering contested instruction (s) shall
7  submit the instruction(s) and a brief memorandum in support of the
8  contested instruction(s).

9            2.   The party shall number the contested instruction
10  in a manner that shows where each contested instruction should be
11  placed in the tendered joint instructions.

12            3.   The contested instruction(s) and memorandum shall
13  be filed with the joint set of instructions.

14            4.   The party opposed to the contested instruction(s)
15  shall submit a brief memorandum succinctly stating the legal basis
16  of the objection(s) by **August 23, 2006.**

17       All instructions shall be, to the extent possible, concise,
18  understandable, and free from argument.  See Local Rule 51-163(c).
19  Parties shall also note that any modifications of instructions from
20  statutory authority, case law or from any form of pattern
21  instructions must specifically state the modification by
22  underlining additions and bracketing deletions, except in the
23  "clean version" for use by the jury.

24  ///
25  ///
26  ///

B. <u>Verdict Form</u>

The parties shall lodge a joint verdict form(s) concurrently with proposed jury instructions by **August 16, 2006.** If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. See Local Rule 51-163(e). Where disagreement exists, the parties shall explain the disagreement and submit points and authorities supporting their respective positions by **August 23, 2006.**

C. <u>Voir Dire</u>

The Court reserves the right to conduct all examination of prospective jurors. Notwithstanding this reservation, the Court will permit each side up to fifteen minutes to conduct voir dire "for cause", if desired. The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions. These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary. The joint set of voir dire questions shall be lodged with the Court by **August 16, 2006.** Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall also be lodged with the Court by **August 16, 2006.**

///

///

///

///

11

1          D.    Submission of Documents to the Court

2          At the time of lodging their respective proposed jury

3    instructions, verdict form(s), and voir dire questions, counsel

4    shall also electronically mail to the Court in digital format and

5    compatible with Microsoft Word or WordPerfect, the proposed jury

6    instructions ("clean version"), verdict form(s), and voir dire

7    questions.  These documents should be sent to

8    mceorders@caed.uscourts.gov.

9          E.    Failure to Participate

10         The failure of one or more of the parties to participate in

11   the preparation of joint jury instructions, proposed verdict

12   form(s), or voir dire questions does not excuse the other party or

13   parties from their obligation to timely file these documents with

14   the Court in accordance with this order.  In the event of such

15   failure, the party or parties timely submitting these documents

16   shall include a declaration setting forth the reason for the lack

17   of participation.

18         XII.   AUDIO/VISUAL EQUIPMENT

19         The parties are required to make a joint request, in writing

20   to the Courtroom Deputy, Amanda Souvannarath, by **August 2, 2006** if

21   they wish to reserve and arrange for orientation with all parties

22   on the Court's mobile audio/visual equipment for presentation of

23   evidence.  There will be one date and time for such orientation.

24   Because each courtroom is not individually equipped with the mobile

25   audio/visual equipment, the equipment may already be reserved for

26   another courtroom.

1   In such, case, the parties will need to consult with Ms.

2   Souvannarath if they wish to furnish their own equipment and

3   operator with the permanent equipment in the courtroom.

4         XIII.   DAUBERT/KUMHO PROCEDURE

5         Any motions based on Daubert v. Merrell Dow Pharmaceuticals,

6   Inc., 509 U.S. 579 (1993) and/or Kumo Tire Co. v. Carmichael, 119

7   S. Ct. 1167 (1999) must be filed by **August 2, 2006**.  Oppositions

8   must be filed by **August 9, 2006** and any reply must be filed by

9   **August 16, 2006**.  The motions will be heard by the Court on **August**

10  **22, 2006** at **2:00 p.m.**

11        XIV.   DATE AND LENGTH OF TRIAL

12        A  trial is scheduled for **August 23, 2006**.  The estimated

13  length of trial is **three (3) days**.  The trial will consist of **seven**

14  **(7) jurors**.  Counsel are to call Amanda Souvannarath, Courtroom

15  Deputy, at (916) 930-4207, by **August 2, 2006** to ascertain the

16  status of the trial date.

17        XV.   OBJECTIONS TO PRETRIAL ORDER

18        Each party is granted five (5) court days from the date of

19  this Final Pretrial Order to object to any part of the Order or to

20  request augmentation to it.  A Final Pretrial Order will be

21  modified only upon a showing of manifest injustice.

22  ///

23  ///

24  ///

25  ///

26  ///

13

1   If no objection or modifications are made, this Order will become

2   final without further order of the Court and shall control the

3   subsequent course of the action, pursuant to Rule 16(e) of the

4   Federal Rules of Civil Procedure.

5       IT IS SO ORDERED.

6   DATED: June 20, 2006

7

8

9                               _____
                                MORRISON C. ENGLAND, JR
10                              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

14