1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        No. 2:05-cv-0418-MCE-KJM

12          Plaintiff,               Related Cases:
                                     No. 2:04-cr-0388-MCE
13      v.                           No. 2:05-cv-0371-MCE-GGH
                                     No. 2:05-cv-0372-MCE-PAN
14  2002 CADILLAC ESCALADE, VIN:
    1GYEK63N52R122808,
15  CALIFORNIA LICENSE 4UHN183,      AMENDED FINAL PRETRIAL ORDER

16          Defendant.               TRIAL DATE: August 23, 2006
    _____/ TIME: 9:00 a.m.
17
    VICTORIA VELAZQUEZ,
18
            Claimant.
19  _____/

20      After reviewing the parties' Final Pretrial Statement, the

21  Court makes the following orders:

22      I.  JURISDICTION/VENUE

23      Jurisdiction is predicated upon 28 U.S.C. §§ 1345, 1355,

24  and 21 U.S.C. § 881.  Jurisdiction and venue are not contested.

25  ///

26  ///

II.   <u>JURY</u>

Claimant timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

III.   <u>DISPUTED FACTUAL ISSUES</u>

The remaining claim(s) for trial is/are:

1.   Whether claimant is the true owner of the defendant vehicle.

2.   Whether claimant's son, Pablo Velazquez, was the actual owner.

3.   Where claimant purchased the vehicle.

4.   Whether claimant had sufficient funds from legitimate sources to purchase and repair the defendant vehicle.

5.   Whether claimant used her own funds to purchase and repair the car.

6.   Whether claimant used her own funds to install stereo speakers in the vehicle after its purchase.

7.   Whether claimant used the defendant vehicle, and if so, to what extent.

8.   Whether Pablo Velazquez used the defendant vehicle, and if so, to what extent.

9.   Whether Ayala had permission to drive the defendant vehicle, and if so, who gave him permission.

10.  Whether claimant exercised reasonable care to ensure that her son, a convicted felon, would use the defendant vehicle only for lawful purposes.

///

1    11.  Whether claimant exercised reasonable care to ensure

2  that anyone using the defendant vehicle used it only for lawful

3  purposes.

4    All issues of fact remaining in dispute are subject to

5  proof at the time of trial.

6    IV.  <u>MOTIONS IN LIMINE</u>

7    In limine motions shall be filed by **August 2, 2006.**

8  Opposition must be filed by **August 9, 2006** and any reply must be

9  filed by **August 16, 2006.**  In limine motions will be heard by

10  the Court on **August 22, 2006** at **2:00 p.m.**

11    V.  <u>TRIAL BRIEFS</u>

12    The parties are free to brief any additional points of law

13  necessary for resolution at trial.  Counsel are directed to

14  Local Rule 16-285 regarding the content of trial briefs.  Trial

15  briefs **shall** be filed by **August 16, 2006.**

16    VI.  <u>WITNESSES</u>

17    Plaintiff anticipates calling the witnesses listed on

18  Attachment "A".

19    Claimant anticipates calling the witnesses listed on

20  Attachment "B".

21    Each party may call a witness designated by the other.

22    A.   No other witnesses will be permitted to testify

23  unless:

24  ///

25  ///

26  ///

3

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)   The witnesses could not reasonably have been discovered prior to pretrial;

(2)   The Court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

C.   The parties shall provide an original and three (3) copies of their proposed witness list.

VII.   <u>EXHIBITS - SCHEDULES AND SUMMARIES</u>

At present, Plaintiff contemplates by way of exhibits those listed on Attachment "C".

At present, Claimant contemplates by way of exhibits those listed on Attachment "D".

4

1    Plaintiff's exhibits shall be listed numerically.

2   Claimant's exhibits shall be listed alphabetically.  The parties

3   shall use the standard exhibit stickers provided by the Court:

4   pink for Plaintiff and blue for Claimant.  All multi page

5   exhibits shall be stapled or otherwise fastened together and each

6   page within the exhibit shall be numbered.  The list of exhibits

7   shall not include excerpts of depositions which may be used to

8   impeach witnesses.

9    Each party may use an exhibit designated by the other.  In

10  the event that Plaintiff and Claimant offer the same exhibit

11  during trial, that exhibit shall be referred to by the

12  designation the exhibit is _first_ _identified_.  The Court cautions

13  the parties to pay attention to this detail so that all

14  concerned, including the jury, will not be confused by one

15  exhibit being identified with both a number and a letter.

16   A.   No other exhibits will be permitted to be introduced

17  unless:

18       (1)  The party proffering the exhibit demonstrates that

19  the exhibit is for the purpose of rebutting evidence which could

20  not be reasonably anticipated at the Pretrial Scheduling

21  Conference, or

22       (2)  The exhibit was discovered after the Pretrial

23  Scheduling Conference and the proffering party makes the showing

24  required in paragraph "B", below.

25  ///

26  ///

1    B.   Upon the post-pretrial discovery of exhibits, the

2  attorneys shall promptly inform the Court and opposing counsel of

3  the existence of such exhibits so that the Court may consider at

4  trial their admissibility.  The exhibits will not be received

5  unless the proffering party demonstrates:

6        (1)   The exhibits could not reasonably have been

7  discovered prior to pretrial;

8        (2)   The Court and counsel were promptly informed of

9  their existence;

10        (3)   Counsel forwarded a copy of the exhibit(s) (if

11  physically possible) to opposing counsel.  If the exhibit(s) may

12  not be copied, the proffering counsel must show that he has made

13  the exhibit(s) reasonably available for inspection by opposing

14  counsel.

15    C.   As to each exhibit, each party is ordered to exchange a

16  copy identical to the Court's copy, or other reproduction of the

17  exhibit(s) in a three-ring binder(s) by **August 9, 2006.**  The

18  attorney or representative for each party is directed to present

19  the original exhibit(s) and two (2) copies for the Court.  The

20  exhibits should be delivered to the clerk's office on the fourth

21  floor of this courthouse, to the attention of Amanda

22  Souvannarath, Deputy Courtroom Clerk, no later than **3:00 p.m.**,

23  **August 16, 2006,** or at such earlier time as may be ordered by the

24  Court.

25  ///

26  ///

D.   The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.  If this requirement is not practicable, please contact the courtroom deputy not later than **August 14, 2006** to make other arrangements.

E.   The parties shall also provide a 3-ring binder(s), identical to the Court's copy, for use on the witness stand.

F.   The parties shall provide an original and three (3) copies of an exhibit list (corresponding to the marked exhibits).

VIII.  <u>DISCOVERY DOCUMENTS</u>

A.   <u>Filing Depositions</u>.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.   <u>Use of Depositions</u>.  The parties are ordered to file with the Court and exchange between themselves by **August 16, 2006** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

///

///

///

7

1    C.    <u>Interrogatories</u>.   The parties are ordered to file with

2  the Court and exchange between themselves by **August 16, 2006** the

3  portions of Answers to Interrogatories which the respective

4  parties intend to offer or read into evidence at the trial

5  (except portions to be used only for impeachment or rebuttal).

6    IX.   <u>FURTHER DISCOVERY OR MOTIONS</u>

7    Pursuant to the Court's Pretrial Scheduling Order, all

8  discovery and law and motion was to have been conducted so as to

9  be completed as of the date of the Final Pretrial Conference.

10  That Order is confirmed.   The parties are free to engage in

11  informal agreements regarding discovery and law and motion

12  matters.   However, any such agreements will not be enforceable in

13  this Court.

14    X.    <u>AGREED STATEMENTS - JOINT STATEMENT OF CASE</u>

15    The parties shall submit a short, jointly-prepared statement

16  concerning the nature of this case that can be read to the jury at

17  the commencement of trial (**NO EXCEPTIONS**).   The joint statement of

18  the case shall include in plain concise language the claims of

19  Plaintiff and claims of other parties, if any, and the

20  corresponding defense to the claims.   The purpose of the joint

21  statement of the case is to inform the jury at the outset, what the

22  case is about.   The statement shall be provided to the Court by

23  **August 16, 2006** before the commencement of trial.

24  ///

25  ///

26  ///

1    XI.   PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

2    A.   Jury Instructions

3    Counsel are directed to meet and confer and to attempt to
4 agree upon a joint set of jury instructions.  Counsel shall use the
5 Ninth Circuit Model Jury Instructions and any revisions.  Alternate
6 instruction or authority may only be used if a Ninth Circuit Model
7 Jury Instruction is unavailable.  The joint set of instructions
8 shall be lodged with the court clerk by **August 16, 2006** and shall
9 be identified as the "Jury Instructions Without Objection."

10    As to instructions on which there is dispute, the parties
11 shall adhere to the following procedure:

12         1.   The party offering contested instruction (s) shall
13 submit the instruction(s) and a brief memorandum in support of the
14 contested instruction(s).

15         2.   The party shall number the contested instruction
16 in a manner that shows where each contested instruction should be
17 placed in the tendered joint instructions.

18         3.   The contested instruction(s) and memorandum shall
19 be filed with the joint set of instructions.

20         4.   The party opposed to the contested instruction(s)
21 shall submit a brief memorandum succinctly stating the legal basis
22 of the objection(s) by **August 23, 2006.**

23    All instructions shall be, to the extent possible, concise,
24 understandable, and free from argument.  See Local Rule 51-163(c).
25 ///
26 ///

1  Parties shall also note that any modifications of instructions from
2  statutory authority, case law or from any form of pattern
3  instructions must specifically state the modification by
4  underlining additions and bracketing deletions, except in the
5  "clean version" for use by the jury.

6        B.   Verdict Form

7        The parties shall lodge a joint verdict form(s) concurrently
8  with proposed jury instructions by **August 16, 2006.**  If necessary,
9  a special verdict or interrogatories shall be included for all
10 factual disputes submitted to the jury that must be resolved before
11 questions of law can be decided, and for any other issue on which
12 specific responses are desired.  See Local Rule 51-163(e).  Where
13 disagreement exists, the parties shall explain the disagreement and
14 submit points and authorities supporting their respective positions
15 by **August 23, 2006.**

16       C.   Voir Dire

17       The Court reserves the right to conduct all examination of
18 prospective jurors.  Notwithstanding this reservation, the Court
19 will permit each side up to fifteen minutes to conduct voir dire
20 "for cause", if desired.  The parties are directed to meet and
21 confer and attempt to agree upon a joint set of proposed voir dire
22 questions.  These questions shall include any voir dire questions
23 supplied by the Court that the parties believe are necessary.  The
24 joint set of voir dire questions shall be lodged with the Court by
25 **August 16, 2006.**  Parties may also submit proposed voir dire
26 questions which are disputed.

1  Disputed voir dire questions shall also be lodged with the Court by

2  **August 16, 2006.**

3       D.   <u>Submission of Documents to the Court</u>

4       At the time of lodging their respective proposed jury

5  instructions, verdict form(s), and voir dire questions, counsel

6  shall also electronically mail to the Court in digital format and

7  compatible with Microsoft Word or WordPerfect, the proposed jury

8  instructions ("clean version"), verdict form(s), and voir dire

9  questions.  These documents should be sent to

10 <u>mceorders@caed.uscourts.gov</u>.

11      E.   <u>Failure to Participate</u>

12      The failure of one or more of the parties to participate in

13 the preparation of joint jury instructions, proposed verdict

14 form(s), or voir dire questions does not excuse the other party or

15 parties from their obligation to timely file these documents with

16 the Court in accordance with this order.  In the event of such

17 failure, the party or parties timely submitting these documents

18 shall include a declaration setting forth the reason for the lack

19 of participation.

20      XII.  <u>AUDIO/VISUAL EQUIPMENT</u>

21      The parties are required to make a joint request, in writing

22 to the Courtroom Deputy, Amanda Souvannarath, by **August 2, 2006** if

23 they wish to reserve and arrange for orientation with all parties

24 on the Court's mobile audio/visual equipment for presentation of

25 evidence.

26 ///

1  There will be one date and time for such orientation.  Because each
2  courtroom is not individually equipped with the mobile audio/visual
3  equipment,  the  equipment  may  already  be  reserved  for  another
4  courtroom.   In such, case, the parties will need to consult with
5  Ms. Souvannarath if they wish to furnish their own equipment and
6  operator with the permanent equipment in the courtroom.

7       XIII.   DAUBERT/KUMHO PROCEDURE

8       Any motions based on Daubert v. Merrell Dow Pharmaceuticals,
9  Inc., 509 U.S. 579 (1993) and/or Kumo Tire Co. v. Carmichael, 119
10 S. Ct. 1167 (1999) must be filed by **August 2, 2006**.  Oppositions
11 must be filed by **August 9, 2006** and any reply must be filed by
12 **August 16, 2006**.  The motions will be heard by the Court on **August
13 22, 2006** at **2:00 p.m.**

14      XIV.   DATE AND LENGTH OF TRIAL

15      A  trial is scheduled for **August 23, 2006**.  The estimated
16 length of trial is **three (3) days**.  The trial will consist of **seven
17 (7) jurors**.  Counsel are to call Amanda Souvannarath, Courtroom
18 Deputy, at (916) 930-4207, by **August 2, 2006** to ascertain the
19 status of the trial date.

20      XV.   OBJECTIONS TO PRETRIAL ORDER

21      Each party is granted five (5) court days from the date of
22 this Final Pretrial Order to object to any part of the Order or to
23 request augmentation to it.  A Final Pretrial Order will be
24 modified only upon a showing of manifest injustice.
25 ///
26 ///

1   If no objection or modifications are made, this Order will become

2   final without further order of the Court and shall control the

3   subsequent course of the action, pursuant to Rule 16(e) of the

4   Federal Rules of Civil Procedure.

5       IT IS SO ORDERED.

6   DATED: July 5, 2006

7

8       _____

9       MORRISON C. ENGLAND, JR.
        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26